UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE DEANNA RUFF,

      Plaintiff,

v.                                            Case No. 25-cv-10692
                                              Honorable Linda V. Parker

TYRONE A. CARTER,
SHAKESHA ALEXANDER,
JOHN DOE, and
THE CITY OF RIVER ROUGE,

      Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

      On November 4, 2024, Plaintiff filed this pro se lawsuit in the District Court for the Southern District of New York against the following Defendants: Michigan State Representative Tyrone A. Carter, Stern Academy Teacher Shakesha Alexander; John Doe, a "stalker or employee of DM Burr Group Security"; and the City of River Rouge.  (*See* ECF No. 1.)  Plaintiff also filed a request to proceed in forma pauperis.  (ECF No. 2.)  The matter was transferred to this District pursuant to 28 U.S.C. § 1406 on March 12, 2025.  (ECF No. 3.)

The Court is granting Plaintiff's application to proceed IFP. However, the Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2). Therefore, the Court is summarily dismissing the Complaint.

District courts are required by statute to dismiss an action filed IFP if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). A complaint is frivolous if "it lacks an arguable basis either in law or in fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A plaintiff must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bett Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, even under this liberal standard, Plaintiff's Complaint is subject to summary dismissal.

Plaintiff alleges that she was subpoenaed to testify as a federal witness and, since then, has been stalked. Her current claims are similar to those raised against

the currently named defendants and other individuals in previously filed lawsuits. *See, e.g.,* Compl., *Ruff v. The United States of America, et al.*, No. 24-cv-12921 (E.D. Mich. Nov. 4, 2024), ECF No. 1; *Ruff v. Wilson, et al*, No. 23-cv-10636 (E.D. Mich. Mar. 17, 2023), ECF No. 1; Compl., *Ruff v. United States, et al.*, No. 22-cv-12805 (E.D. Mich. filed Oct. 26, 2022), ECF No. 1; Compl., *Ruff v. United States, et al.*, No. 22-cv-12569 (E.D. Mich. filed Oct. 26, 2022), ECF No. 1. Each of those cases was summarily dismissed under § 1915(e). As before, her allegations are not credible and fail to allege facts "sufficient to raise a right to relief above the speculative level." Moreover, Plaintiff fails to assert any allegations against most of the named defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal of this decision could not be taken in good faith and, therefore, leave to proceed IFP on any appeal is **DENIED**. 28 U.S.C. § 1915(a)(3).

                                                     s/ Linda V. Parker  
                                                   LINDA V. PARKER  
                                                   U.S. DISTRICT JUDGE

Dated: March 27, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2025, by electronic and/or U.S. First Class mail.

                                                    s/Aaron Flanigan
                                                    Case Manager